WILLIAM BROWER, Respondent-Appellant, v. RAY ARMSTRONG, JANE B. ARMSTRONG, ARTHUR ARMSTRONG, Respondents, and CARL UBELLE, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

IVA D. PRATT, Appellant, v. MOYER & PRATT, INCORPORATED, Respondent.— Judgment affirmed, with costs. All concur. (The judgment dismisses the complaint in an action to compel defendant to issue to plaintiff shares of capital stock.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

CATHERINE LEWIS and Others, Respondents, v. THE STANDARD FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, and Another, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment awards damages under two fire insurance policies. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

MINNIE SYRAGUSA, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment modified by reducing the recovery to the sum of forty-six dollars and twenty cents, striking out the provision for costs, and awarding costs to the defendant, and as so modified affirmed, with costs to the appellant. Memorandum: The theory upon which plaintiff rests her case is that the acts by defendant's agents, when considered in connection with the course of conduct by the defendant itself, prove an intent by defendant to waive conditions of its policy, inserted for its own benefit, which would otherwise govern in the event of lapse for non-payment of premiums. In reviewing the record of pleadings and proof before us, we cannot disregard the admissions by the plaintiff, found in the ninth paragraph of her complaint and the first paragraph of her reply, viz., that shortly after June 1, 1934, defendant notified her that the policies in question were not reinstated and refused to accept further premiums therefor; that after the assured's applications for reinstatement had been received by the defendant and rejected the defendant tendered to the assured and to the plaintiff the sum of forty-six dollars and twenty cents, being the amount paid by the assured to the defendant after making applications for reinstatement. These admissions are controlling upon our determination and make inapplicable to the case the theory, upon which the plaintiff relies, of waiver by the defendant of the conditions of its policy. All concur. (The judgment awards plaintiff the death benefit under two life insurance policies.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

JOSEPH J. KING, Appellant, v. WALTER WINCHELL and Others, Respondents.— Judgment affirmed, with costs. All concur except Sears, P. J., and Edgcomb, J., who dissent and vote for reversal on the law and for granting a new trial on the ground that the evidence was sufficient to go to the jury on the question of defamation. (The judgment is for defendant in a slander action.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

In the Matter of the Estate of JAMES H. MONTGOMERY, Deceased.— Decree affirmed, with costs. All concur, except Crosby, J., who dissents and votes to reduce the award to the sum of $6,000. (The decree fixes the compensation of an attorney for services performed for the estate.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ. [158 Misc. 412.]